WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>                    Plaintiff,<br><br>v.<br><br>Joel Leon Thomas, Jr.,<br><br>                    Defendant. | No. CR-12-00523-002-PHX-DGC<br><br>**ORDER** |

Defendant Joel Thomas is serving a 42-year prison sentence on multiple counts of conspiracy, bank robbery, and brandishing firearms during crimes of violence.  Doc. 706. He has filed a renewed motion to reduce his sentence under 18 U.S.C. § 3582(c)(1)(A), arguing that his sentence is unusually long in light of recent changes in the law.  Doc. 756. The motion is fully briefed and oral argument will not aid the Court's decision.  The Court will grant the motion in part and reduce Mr. Thomas's sentence to 24 years.

**I.    Background.**

In 2012, Mr. Thomas and several codefendants committed three bank robberies, two of them armed.[1]  The government charged Mr. Thomas with three counts of conspiracy to commit bank robbery (Counts 1, 4, and 6), two counts of armed bank robbery (Counts 2

---

[1] A description of the robberies is set forth in the Court's earlier order denying a sentence reduction.  *See* Doc. 749 at 1-2.

1

and 7), and one count of unarmed bank robbery (Count 5) in violation of 18 U.S.C. §§ 371 and 2113(a). Doc. 458. For the armed robberies, Mr. Thomas also was charged with brandishing a firearm during crimes of violence under 18 U.S.C. § 924(c) (Counts 3 and 8). *Id.*

Mr. Thomas rejected the government's plea offer of 14-18 years and exercised his right to a jury trial. *See* Doc. 259. A nine-day trial was held in March 2014. *See* Docs. 469-84. The jury convicted Mr. Thomas on all counts. Doc. 488.

In September 2014, the Court sentenced Mr. Thomas to a 49.5-year prison term. Docs. 537, 541. For the conspiracy and robbery convictions (Counts 1-2 and 4-7), Mr. Thomas received a total sentence of 17.5 years. Doc. 541 at 1. The two § 924(c) convictions for brandishing a firearm during crimes of violence required a mandatory minimum term of 32 years – a 7-year term for Count 3 and an enhanced 25-year term for Count 8 – that would run consecutively to the sentences on the other six counts. *Id.*; *see* Doc. 749 at 5-6; 18 U.S.C. § 924(c)(1)(C) ("In the case of a second or subsequent conviction under this subsection, the person shall . . . be sentenced to a term of imprisonment of not less than 25 years.") (amended by the First Step Act of 2018, Pub. L. No. 115-391, § 603, 132 Stat. 5194 (2018)); *Deal v. United States*, 508 U.S. 129, 132 (1993) (holding that § 924(c)'s enhanced sentence for a "second or subsequent conviction" applies even when that conviction results from a separate count in the same indictment leading to first conviction); *United States v. Chen*, 48 F.4th 1092, 1094 (9th Cir. 2022) ("Under *Deal v. United States*, the Supreme Court established that the 25-year mandatory minimum enhancement for 'second or subsequent' convictions applied to multiple § 924(c) counts charged in a single case, even when that case marked the first time a defendant was ever charged with a § 924(c) offense, creating what is colloquially known as the practice of '§ 924(c) stacking.'") (citing *Deal*, 508 U.S. at 130-36).

While sentencing Mr. Thomas, the Court expressed its disagreement with mandatory minimums and the 49.5-year sentence:

2

> I will tell you I don't like mandatory minimums. I don't think that Congress should be taking the discretion away from judges who actually look defendants in the eye and sit through trials and make these decisions. I think 25 years for Count 8 is too much. But I have no ability to give you less for that count. And I don't feel comfortable reducing the sentence on Counts 1, 2, 4, 5, 6, and 7 to sort of balance it all out because I think 210 months is the right sentence for three bank robberies and three conspiracies to commit bank robberies. But I've said before I don't agree with mandatory minimums, but that is Congress' decision.
>
> When all of these are added together, it is a total sentence of 49 and a half years. My opinion is that is too much. I wouldn't impose that sentence if I had the discretion. But I don't.

Doc. 620 at 22-23.

The Ninth Circuit affirmed Mr. Thomas's conviction and 49.5-year sentence. Doc. 691; *United States v. Thomas*, 843 F.3d 1199 (9th Cir. 2016). Later, the Supreme Court held in *United States v. Dean*, 581 U.S. 62 (2017), that district courts may consider the impact of a sentence imposed under § 924(c) when calculating a just sentence for the predicate count. As a result, the Ninth Circuit vacated Mr. Thomas's sentence and remanded for reconsideration. Doc. 697; *United States v. Thomas*, 856 F.3d 624 (9th Cir. 2017).

At resentencing, the Court reiterated its view on mandatory minimum sentences:

> In this case, as we've already talked about, Congress has imposed some mandatory minimum sentences. Those sentences are required by Congress. If you are convicted of the crime that produces those mandatory minimums, I do not have discretion as a judge to impose a lower sentence.
>
> I disagree with mandatory minimum statutes. I said that at your first sentencing. I think it's unwise to take discretion away from judges who can see the facts of the case.

Doc. 713 at 38-39. The Court imposed a new sentence of 42 years – the lowest possible sentence in light of mandatory minimums. Doc. 706. The § 924(c) convictions on Counts 3 and 8 still mandated consecutive 7-year and 25-year terms, respectively, and Counts 2 and 7 carried mandatory and concurrent 10-year sentences because the jury found forced

accompaniment in the armed robberies. *See* Doc. 488; Doc. 713 at 39-40; 18 U.S.C. § 2113(e). The Ninth Circuit summarily affirmed the 42-year sentence. Doc. 722.

In March 2022, after serving about 10 years, Mr. Thomas moved for a sentence reduction under 18 U.S.C. § 3582(c)(1)(A), as amended by the First Step Act of 2018 ("FSA"). Doc. 732. Section 3582(c)(1)(A), as amended, "allows certain inmates to seek a form of sentence modification called compassionate release by filing motions to that effect with the district court." *United States v. King*, 24 F.4th 1226, 1228 (9th Cir. 2022). "Although relief under § 3582(c) is commonly referred to as 'compassionate release,' such relief is not limited to immediate release, but includes a reduction in sentence." *United States v. Marks*, No. 03-cr-06033-L, 2020 WL 1908911, at *3 n.3 (W.D.N.Y. Apr. 20, 2020). Mr. Thomas did not request that his sentence be reduced by a certain number of months or years, but instead sought a time-served sentence and immediate release from prison. *See* Doc. 732-1 at 6.

Under § 3582(c)(1)(A), "courts have the authority to reduce a sentence upon the motion of an inmate if three conditions are met: (1) the inmate has either exhausted [his] administrative appeal rights of the [BOP's] failure to bring such a motion on the inmate['s] behalf or has waited until 30 days after the applicable warden has received such a request; (2) the inmate has established 'extraordinary and compelling reasons' for the requested sentence reduction; and (3) the reduction is consistent with 'applicable policy statements' issued by the United States Sentencing Commission." *United States v. Burnett*, No. CR17-0029JLR, 2022 WL 2440079, at *2 (W.D. Wash. July 2, 2022); *see Concepcion v. United States*, 597 U.S. 481, 495 (2022) ("For [sentence modification] proceedings, Congress expressly cabined district courts' discretion by requiring courts to abide by the Sentencing Commission's policy statements.") (citing § 3582(c)(1)(A)).[2] Section 3582(c)(1)(A) "also

---

[2] The policy statements applicable to § 3582(c)(1)(A) motions are set forth in United States Sentencing Guidelines ("U.S.S.G.") § 1B1.13. Because the Sentencing Commission lost its quorum in early 2019 and did not regain it until 2022, the Commission was unable to amend § 1B1.13 during the four years after defendants were first permitted to file § 3582(c)(1)(A) motions under the FSA. *See United States v. Mendoza*, No. 1:04-CR-00155-TWP-MJD-1, 2024 WL 4973395, at *3 (S.D. Ind. Dec. 2, 2024) (citing U.S. Sent'g Comm'n, *Sent'g Guidelines for U.S. Courts*, 88 FR 28254-01, 28256 (May 3, 2023));

4

instructs the court to consider the sentencing factors set forth in 18 U.S.C. § 3553(a) when deciding whether a reduction in sentence is appropriate." *Burnett*, 2022 WL 2440079, at *2.

In seeking a time-served sentence, Mr. Thomas argued that his 42-year sentence – 32 years of which resulted from the stacked § 924(c) convictions – was excessive in light of changes to stacked sentences implemented by the FSA; that an excessive sentence amounts to an "extraordinary and compelling reason" to reduce his sentence under § 3582(c)(1)(A); and that the § 3553(a) sentencing factors supported a reduction. Doc. 732-1 at 13-22.

Section 403(a) of the FSA limited stacking of § 924(c) convictions by permitting the 25-year enhanced sentence only where a prior § 924(c) conviction in a separate case has become final. FSA, § 403(a) ("Section 924(c)(1)(C) . . . is amended . . . by striking 'second or subsequent conviction under this subsection' and inserting 'violation of this subsection that occurs after a prior conviction under this subsection has become final[.]'"); *see Chen*, 48 F.4th at 1094 ("In 2018, § 403(a) of the [FSA] negated *Deal* by clarifying that the 25-year enhancement is triggered only by a § 924(c) conviction occurring after the initial § 924(c) conviction 'has become final.'"); *United States v. Wells*, No. 2:14-cr-00280-JCM-GWF, 2022 WL 1720987, at *2 (D. Nev. May 27, 2022) ("In the [FSA], Congress importantly clarified that the § 924(c) sentence stacking was not intended to apply to first-time offenders, and instead, only to *repeat* offenders – that is, those who carry out an additional 924(c) crime after already being *convicted* of one. Otherwise, the law led courts to impose overly harsh, decades-long sentences for charges brought in a single indictment.") (citation omitted).[3]  But in enacting the FSA and its changes to § 924(c)

---

*United States v. Wells*, No. 2:14-cr-00280-JCM-GWF, 2022 WL 1720987, at *2 (D. Nev. May 27, 2022) (noting that "the policy statement was last substantively amended in November 2016, before the passage of the [FSA] in December 2018"). As discussed below, the Sentencing Commission amended § 1B1.13 in November 2023.

[3] To be clear, the FSA "did not completely do away with mandatory minimum 'stacking' for first time offenders in the sense that the mandatory minimum for each § 924(c) conviction in the same proceeding must still be served consecutively." *Burnett*, 2022 WL 2440079, at *6 n.11 (citing § 924(c)(1)(D)(ii)).

5

sentences, Congress chose not to make the amendment retroactive. The amendment applies only to sentences imposed on or after the date of its enactment, December 21, 2018. FSA, § 403(b); *see United States v. Davis*, 588 U.S. 445, 450 n.1 (2019) ("In 2018, Congress changed the law so that, *going forward*, only a second § 924(c) violation committed 'after a prior [§ 924(c)] conviction . . . has become final' will trigger the 25-year minimum.") (emphasis added); *Chen*, 48 F.4th at 1094 ("Congress limited the application of § 403(a) only to defendants who have not yet been sentenced for their § 924(c) convictions, which courts routinely interpret as meaning that § 403(a) is non-retroactive."); *Wells*, 2022 WL 1720987, at *2 ("The [FSA], enacted in December 2018, eliminated § 924(c)'s mandatory 25-year sentence stacking for multiple offenses within the same indictment, . . . but did not make the change retroactive.").

The Court denied Mr. Thomas's motion. Doc. 749. The Court concluded that the FSA's changes to § 924(c) sentences were not an extraordinary and compelling reason for reducing Mr. Thomas's sentence to time served – a sentence that would essentially allow him to serve no time for his § 924(c) convictions. *Id.* at 5-9. The Court also found that the § 3553(a) factors did not support a time-served sentence, explaining that Mr. Thomas engaged in the very serious criminal conduct of robbing banks with firearms. *Id.* at 9-12. The Court noted, however, that it was expressing no opinion on whether a § 3582(c)(1)(A) motion to reduce Mr. Thomas's sentence to the 24 years he would have received under the revised mandatory minimums would be appropriate because Mr. Thomas had not requested such relief in his motion and the government had not addressed the issue. *Id.* at 9 n.8.

Mr. Thomas presently is confined at the federal correctional institution in Phoenix, Arizona ("FCI Phoenix"). *See* Federal Bureau of Prisons, *Find an Inmate*, https://www.bop.gov/mobile/find_inmate/byname.jsp#inmate_results (last visited Mar. 26, 2025). His projected release date is January 16, 2048. *Id.*

In January 2024, Mr. Thomas asked the warden at FCI Phoenix for a sentence reduction. Doc. 756-1. The request was denied by the warden and the administrative appeals office. Docs. 756-2, 758-1, 758-3. Mr. Thomas thereafter filed the renewed

motion for a sentence reduction under § 3582(c)(1)(A).  Doc. 756.  Mr. Thomas requests that his 42-year sentence be reduced to the 14-18 year range the government offered before trial or to no more than 24 years, which is the minimum sentence he would receive if he were convicted of the same charges today (10 years for the conspiracy and robbery charges and 7 consecutive years for each of the two § 924(c) charges).  *Id.* at 2, 7.

**II.    Mr. Thomas's Renewed Motion.**

The burden rests with Mr. Thomas to show that he has met the exhaustion criteria set forth in § 3582(c)(1)(A) and to establish that extraordinary and compelling reasons exist to warrant a sentence reduction.  *See United States v. Packard*, No. 19CR3886-H, 2021 WL 4751173, at *2 (S.D. Cal. Oct. 12, 2021).  Mr. Thomas has satisfied § 3582(c)(1)(A) because he exhausted his administrative appeal rights and filed the present motion more than 30 days after he submitted his administrative request.  *See* Docs. 756 at 10, 758 at 1-2 & Exs. 1-3.

Mr. Thomas argues that he has shown extraordinary and compelling reasons under the Sentencing Commission's new policy statement in U.S.S.G. § 1B1.13(b)(6) because his 42-year sentence is "unusually long" and there is a "gross disparity" between that sentence and the sentence he would receive today in light of the FSA's changes to § 924(c) sentences.  Doc. 756 at 7-11.  Mr. Thomas further argues that a sentence reduction would be consistent with the sentencing factors in 18 U.S.C. § 3553(a).  *Id.* at 11-15.  The government argues that § 1B1.13(b)(6) is invalid because the Sentencing Commission exceeded its statutory authority in promulgating the policy statement, and that the § 3553(a) factors weigh against a reduced sentence.  Doc. 757 at 5-9.[4]

**A.    Mr. Thomas Has Shown Extraordinary and Compelling Reasons.**

**1.    New Policy Statement at § 1B1.13(b)(6).**

In 2016, the Sentencing Commission identified four "extraordinary and compelling reasons" for purposes of § 3582(c)(1)(A): serious medical conditions, advanced age, family

---

[4] The government does not dispute that, if valid, § 1B1.13(b)(6) applies to Mr. Thomas's circumstances.  The government requests that any reduction pursuant to § 1B1.13(b)(6) be limited to a 24-year sentence.  *Id.* at 7.

7

circumstances, and a catch-all "other reasons." U.S.S.G. § 1B1.13, Application Note 1(A)-(D) (2016). The Commission amended § 1B1.13 on November 1, 2023, moving the list of extraordinary and compelling reasons from the Commentary to the Guidelines itself, with significant changes. Section 1B1.13 now contains six categories that may constitute extraordinary and compelling reasons for a sentence reduction: (1) medical circumstances; (2) age; (3) family circumstances; (4) sexual or physical abuse while in custody; (5) other reasons that are similar in gravity to 1-4; and (6) an unusually long sentence. U.S.S.G. § 1B1.13(b).[5]

Section 1B1.13(b)(6) provides:

> Unusually Long Sentence.--If a defendant received an unusually long sentence and has served at least 10 years of the term of imprisonment, a change in the law (other than an amendment to the Guidelines Manual that has not been made retroactive) may be considered in determining whether the defendant presents an extraordinary and compelling reason, but only where such change would produce a gross disparity between the sentence being served and the sentence likely to be imposed at the time the motion is filed, and after full consideration of the defendant's individualized circumstances.

U.S.S.G. § 1B1.13(b)(6); *see* Sent'g Guidelines for U.S. Courts, 88 Fed. Reg. 28,254-01, 28258-59 (May 3, 2023) (discussing the purpose and effect of § 1B1.13(b)(6)).[6]

### 2. Validity of § 1B1.13(b)(6).

The government argues that the Sentencing Commission exceeded its statutory authority by promulgating § 1B1.13(b)(6) because Congress declined to make the FSA's

---

[5] Before the amendments, the policy statements in § 1B1.13 applied only to motions brought by the Bureau of Prisons. *See United States v. Aruda*, 993 F.3d 797, 801-02 (9th Cir. 2021). The section now also applies to motions brought by defendants. *See* U.S.S.G. § 1B1.13(a); *United States v. Landeros-Valdez*, No. 1:11-CR-0096-BLW, 2025 WL 70124, at *2 (D. Idaho Jan. 10, 2025).

[6] The amended policy statement provides this limitation on changes in the law: "*Except as provided in subsection (b)(6)*, a change in the law . . . shall not be considered for purposes of determining whether an extraordinary and compelling reason exists under this policy statement. However, if a defendant otherwise establishes that extraordinary and compelling reasons warrant a sentence reduction under this policy statement, a change in the law (including an amendment to the Guidelines Manual that has not been made retroactive) may be considered for purposes of determining the extent of any such reduction." U.S.S.G. § 1B1.13(c) (emphasis added).

8

changes to § 924(c) sentences retroactive, and no reasonable interpretation of "extraordinary and compelling reasons" can encompass a non-retroactive change in the law. Doc. 757 at 5-7. The Court does not agree.

Congress did not define "extraordinary and compelling reasons" in § 3582(c)(1)(A), and instead delegated the authority to do so to the Sentencing Commission. 28 U.S.C. § 994(t). Section 994(t), enacted as part of the Sentencing Reform Act of 1984, explicitly directs the Sentencing Commission to promulgate policy statements that "describe what should be considered extraordinary and compelling reasons for sentence reduction" under § 3582(c)(1)(A). Pub. L. No. 98-473, 98 Stat. 1987, 2023 (Oct. 12, 1984). The Commission's recent amendment to § 1B1.13, adding "unusually long sentence[s]" to the list of extraordinary and compelling reasons for a sentence reduction, does just that. *See United States v. Evans*, No. 93-00123-CR, 2024 WL 5080545, at *5 (S.D. Fla. Dec. 10, 2024) ("[T]he Commission acted within its congressionally mandated authority when it determined that an 'unusually long sentence' may qualify as an extraordinary and compelling reason, and I am obliged to heed their findings.").[7]

Congress placed only one limitation on its delegation of authority to the Commission – that "[r]ehabilitation of the defendant alone shall not be considered an extraordinary and compelling reason." 28 U.S.C. § 994(t). "Nothing in the statue's text prohibits the Commission from considering nonretroactive changes in the law as extraordinary and compelling reasons for a sentence reduction." *United States v. Horton*, No. 11-03021-01-CR-S-MDH, 2025 WL 644278, at *2 (W.D. Mo. Feb. 27, 2025); *see United States v. Brooks*, 717 F. Supp. 3d 1087, 1095 (N.D. Okla. 2024) ("Because nothing in § 994(t) limits the Sentencing Commission's authority to describe the circumstances set

---

[7] *See also* U.S.S.G. § 1B1.13, Background ("The Commission is required by 28 U.S.C. § 994(a)(2) to develop general policy statements regarding application of the guidelines or other aspects of sentencing that in the view of the Commission would further the purposes of sentencing (18 U.S.C. § 3553(a)(2)), including, among other things, the appropriate use of the sentence modification provisions set forth in 18 U.S.C. § 3582(c). In doing so, the Commission is required by 28 U.S.C. § 994(t) to 'describe what should be considered extraordinary and compelling reasons for sentence reduction, including the criteria to be applied and a list of specific examples.' This policy statement implements 28 U.S.C. § 994(a)(2) and (t).").

9

forth in USSG § 1B1.13(b)(6) as an extraordinary and compelling reason to reduce a previously imposed sentence, subsection (b)(6) is not an arbitrary or capricious exercise of the Sentencing Commission's delegated authority."); *see also Concepcion*, 597 U.S. at 486-87 ("It is only when Congress or the Constitution limits the scope of information that a district court may consider in deciding whether, and to what extent, to modify a sentence, that a district court's discretion to consider information is restrained.").

The Supreme Court made clear in *Concepcion* that the FSA "allows district courts to consider intervening changes of law or fact in exercising their discretion to reduce a sentence[.]" *Concepcion*, 597 U.S. at 500. The government nonetheless argues that a change in the law, either alone or in combination with other factors, is not an extraordinary and compelling reason for a sentence reduction under § 3582(c)(1)(A). Doc. 757 at 5-6. The government cites several cases from other circuits which reasoned that Congress explicitly made the FSA's sentencing changes non-retroactive and § 3582(c)(1)(A) should not provide a loophole to get around explicit non-retroactivity. *Id.* at 6 (citing *United States v. Thacker*, 4 F.4th 569, 571 (7th Cir. 2021); *United States v. Andrews*, 12 F.4th 255, 261 (3d Cir. 2021); *United States v. Crandall*, 25 F.4th 582, 585-86 (8th Cir. 2022); *United States v. Jenkins*, 50 F.4th 1185, 1198-1200 (D.C. Cir. 2022); *United States v. McCall*, 56 F.4th 1048, 1050 (6th Cir. 2022)). But the Ninth Circuit, relying on *Conception*, has rejected the reasoning in those cases and has "join[ed] the First, Fourth, and Tenth Circuits [in concluding] that a district court may consider the [FSA's] non-retroactive changes to sentencing law . . . when determining whether there are extraordinary and compelling reasons for a sentence reduction" under § 3582(c)(1)(A). *Chen*, 48 F.4th at 1093 (citing *United States v. Ruvalcaba*, 26 F.4th 14 (1st Cir. 2022); *United States v. McCoy*, 981 F.3d 271 (4th Cir. 2020); *United States v. Maumau*, 993 F.3d 821 (10th Cir. 2021)); *see also United States v. Vidrine*, No. 2:95-CR-00482-KJM-AC-2, 2024 WL 3917152, at *3 (E.D. Cal. Aug. 23, 2024) (granting § 3582(c)(1)(A) motion where the defendant had received stacked § 924(c) sentences and noting that the government's reliance on out-of-circuit

10

decisions was unpersuasive because the Ninth Circuit declined to follow those cases) (citing *Chen*, 48 F.4th at 1098).

Because both *Chen* and *Concepcion* predated the promulgation of § 1B1.13(b)(6), the Sentencing Commission had the benefit of both cases when adopting § 1B1.13(b)(6). The rationale of those cases comports with § 1B1.13(b)(6). Indeed, the Commission explained its reasoning for adding § 1B1.13(b)(6) as follows:

> The amendment agrees with the circuits that authorize a district court to consider non-retroactive changes in the law as extraordinary and compelling circumstances warranting a sentence reduction but adopts a tailored approach that narrowly limits that principle in multiple ways. First, it permits the consideration of such changes only in cases involving "unusually long sentences," which the legislative history to the [Sentencing Reform Act of 1984] expressly identified as a context in which sentence reduction authority is needed. . . . Second, the change in law itself may be considered an extraordinary and compelling reason only where it would produce a gross disparity between the length of the sentence being served and the sentence likely to be imposed at the time the motion is filed. . . . [T]he amendment [also] limits the application of this provision to individuals who have served at least 10 years of the sentence the motion seeks to reduce.

88 Fed. Reg. at 28258-59; *see also Brooks*, 717 F. Supp. 3d at 1096 ("The official commentary to [the amendment] explains that 'subsections (b)(6) and (c) operate together to respond to a circuit split concerning when, if ever, non-retroactive changes in law may be considered as extraordinary and compelling reasons within the meaning of section 3582(c)(1)(A).'") (citation omitted); *Landeros-Valdez*, 2025 WL 70124 *3 ("When the Sentencing Commission enacted Guidelines § 1B1.13(b)(6), it essentially agreed with the basic principle set forth in *Chen* and similar cases[.]").

Noting that Congress chose not to make the FSA's changes to § 924(c) sentences retroactive, the government contends that Congress did not provide the Commission or district courts with authority to revisit sentences in light of a change in law. Doc. 757 at 2, 5-6. But as the Ninth Circuit explained in *Chen*:

> Making a change in law retroactive and allowing a defendant to petition for sentence reduction in light of that change, produce two vastly different

>results.  For example, if § 403(a)'s changes to § 924(c) stacked sentences had been retroactive, every defendant that received a stacked sentence would be automatically eligible for resentencing under the new law.  In contrast, allowing defendants to petition for compassionate release, based in part on the sentencing disparities created by § 403(a), does not automatically make every defendant who received a stacked sentence eligible for a sentence reduction; the petitioning defendant still must demonstrate that § 403(a)'s non-retroactive changes rise to the level of "extraordinary and compelling" in his individualized circumstances. . . . In sum, petitioning for compassionate release does not retroactively apply § 403(a)'s sentencing changes, and thus, allowing courts to consider § 403(a)'s changes in the extraordinary and compelling analysis does not conflict with § 403(b)'s non-retroactivity provision.

48 F.4th at 1100; *see also Evans*, 2024 WL 5080545, at *7 ("[T]he Government oversimplifies what the Commission has done.  The Commission did not say any change in law constitutes an extraordinary or compelling reason, but that a change in law may qualify 'after full consideration of the defendant's individualized circumstances,' and only if such change produces a 'gross disparity' between a defendant's 'unusually long sentence' and the sentence they would have received under current law.").

The Court agrees with cases in this Circuit and other jurisdictions which have concluded that the Sentencing Commission acted within its statutory authority in promulgating § 1B1.13(b)(6).  *See e.g.*, *Landeros-Valdez*, 2025 WL 70124 *3 ("The government argues that the Court should deny the motion because the Sentencing Commission exceeded its delegated authority in promulgating § 1B1.13(b)(6). . . .  Upon consideration, and consistent with the Ninth Circuit's decision in [*Chen*], and the Supreme Court's decision in *Concepcion*[,] . . . the Court rejects this argument."); *Stewart*, 2024 WL 4860809, at *8 ("[T]he fact that courts disagreed on whether a non-retroactive change in law could be an extraordinary and compelling reason for a sentence reduction does not mean that the Commission exceeded its authority when it adopted the policy statement.  Congress has charged the Commission with periodically reviewing and revising the guidelines.") (citations omitted); *Horton*, 2025 WL 644278, at *2 ("Congress chose not to impose a prohibition with respect to nonretroactive changes in the law. . . .  The Court finds

that the Sentencing Commission authority to promulgate U.S.S.G. § 1B1.13(b)(6) was appropriate."); *United States v. Erdmann*, No. 3:15-CR-080, 2025 WL 33570, at *4 (D.N.D. Jan. 6, 2025) ("[T]he Court disagrees with the Government's assertion that U.S.S.G. § 1B1.13(b)(6) is invalid. The Sentencing Commission submitted its proposed Sentencing Guidelines amendments to Congress on April 27, 2023. Because Congress did not act to modify or disapprove of the amendments, they became effective on November 1, 2023. Surely, if Congress believed the Sentencing Commission had overstepped its authority it would have acted to modify U.S.S.G. § 1B1.13(b)(6).") (citing 88 Fed. Reg. at 28,254; 28 U.S.C. § 994(p)); *United States v. Chavez*, No. 02 CR. 1301 (VM), 2024 WL 4850808, at *4 (S.D.N.Y. Nov. 21, 2024) ("Empowering courts to provide individual relief to some defendants on a case-by-case basis is not the same as making a change in sentencing law retroactive, which would entitle all defendants to a resentencing without the individualized assessment as required here.").

To be sure, the Third, Fifth, and Seventh Circuits have reached the opposite conclusion regarding the validity of § 1B1.13(b)(6). *See United States v. Rutherford*, 120 F.4th 360, 378 (3d Cir. 2024); *United States v. Austin*, 125 F.4th 688, 692 (5th Cir. 2025);[8] *United States v. Black*, --- F.4th ----, 2025 WL 758201, at *1 (7th Cir. Mar. 11, 2025). This Court is bound by the Ninth Circuit's holding in *Chen* that the FSA's non-retroactive changes to § 924(c) may be considered in determining whether there are extraordinary and compelling reasons for a sentence reduction. 48 F.4th at 1093; *see also Concepcion*, 597 U.S. at 500. The Court accordingly concludes that § 1B1.13(b)(6) does not exceed the Sentencing Commission's statutory authority, and that it provides a valid and binding policy statement. *See Landeros-Valdez*, 2025 WL 70124 *3 (same); *see also Brooks*, 717 F. Supp. 3d at 1095-97 ("Bound by Tenth Circuit precedent and persuaded by the Sentencing Commission's official commentary to [the amendment], the Court rejects the

---

[8] The judges in *Austin* declined to follow an earlier panel decision in *United States v. Jean*, 108 F.4th 275 (5th Cir. 2024), which concluded that the Sentencing Commission's promulgation of § 1B1.13(b)(6) supported its decision that district courts may consider non-retroactive changes in law when determining whether extraordinary and compelling reasons exist for a sentence reduction. 108 F.4th at 282-90.

13

Government's argument that USSG § 1B1.13(b)(6) is invalid.") (citing *Maumau*, 993 F.3d at 832; *United States v. McGee*, 992 F.3d 1035, 1047 (10th Cir. 2021)); *United States v. Brichetto*, No. 2:03-CR-00024-JAW-1, 2025 WL 509835, at *12 (D. Me. Feb. 14, 2025) ("In permitting district courts to consider non-retroactive amendments, U.S.S.G. § 1B1.13(b)(6) does not run afoul of the narrow limitation recognized by the First Circuit. *Trenkler*, 47 F.4th at 47 . . . . [C]onsistent with this binding precedent, the Court rejects the Government's facial challenge to section 1B1.13(b)(6)."); *United States v. Spencer*, No. 2:11-CR-30, 2025 WL 572398, at *4 (E.D. Va. Feb. 13, 2025) ("Under the United States' argument, [§] 1B1.13(b)(6) is contrary to the statute because it allows courts to consider an intervening change of law in assessing whether the defendant has presented an extraordinary and compelling reason.  The court finds this argument unpersuasive, as it runs counter to established precedent.") (citing *McCoy*, 981 at 286-87; *Concepcion*, 597 U.S. at 486-87); *United States v. Adley,* No. 03-20678-CR, 2024 WL 1961484, at *4 (S.D. Fla. May 3, 2024) ("[T]he Court has joined the chorus of other district courts in this Circuit rejecting the Government's argument that the Sentencing Commission was without authority to enact this amendment. . . . The Eleventh Circuit has never held that nonretroactive changes cannot be extraordinary and compelling reasons, so this Court can accept § 1B1.13(b)(6)'s validity and applicability.") (cleaned up).

The government contends that courts cannot ignore Congress's retroactivity determinations without violating the separation of powers.  Doc. 757 at 6.  But "Congress gave the Commission the authority to promulgate the policy statement at 28 U.S.C. § 994(t) and the Commission did so.  Congress presumably reviewed § 1B1.13(b)(6) . . . during the 180-day period the revised guidelines were under review and took no action.  If Congress believed that the Commission's policy statement ran afoul of the doctrine of separation of powers, it could have taken action and indeed, can still take action, using its authority to override the policy statement." *United States v. Stewart*, No. 5:13-CR-00019, 2024 WL 4860809, at *9 (W.D. Va. Nov. 21, 2024).

14

The government further asserts that § 1B1.13(b)(6) impermissibly supplants the remedy Congress created for defendants' collateral attacks on their sentences – the federal habeas statute, 28 U.S.C. § 2255. Doc. 757 at 6. But Mr. Thomas does not make a collateral attack; he does not argue that his sentence is unlawful. Instead, he asks the Court to exercise its discretion under § 3582(c)(1)(A) and reduce his sentence. *See* Doc. 758 at 4; *Chen*, 48 F.4th at 1101 ("The Government argues that defendants should not be allowed to move for a sentence reduction under [§] 3582(c)(1)(A) because [§] 2255 already provides a mechanism to challenge a sentence based on nonretroactive changes in sentencing law. This argument fails to persuade because Congress has provided a mechanism in § 3582(c)(1) that allows defendants to seek modifications even if their sentences were not imposed in violation of the Constitution or federal law.").[9]

### 3.  Application of § 1B1.13(b)(6).

Turning to the substantive requirements of § 1B1.13(b)(6), the Court must consider whether (1) Mr. Thomas received an unusually long sentence, (2) he has served at least 10 years of that sentence, and (3) changes in law produce a gross disparity between the sentence Mr. Thomas received and the sentence he would receive if sentenced today.

#### a.  Unusually Long Sentence.

Mr. Thomas's 42 years is an unusually long sentence. The Court made clear when it sentenced him that a more than 40-year sentence, and particularly the 25-year enhanced penalty for the § 924(c) conviction on Count 8, was too long. Doc. 620 at 22-23. Other courts agree. *See Lewis*, 2024 WL 4643948, at *3 (finding a 35-year sentence for robbery and § 924(c) convictions to be unusually long); *Brooks*, 717 F. Supp. 3d at 1097 (same for a 36-year sentence); *United States v. Aguon*, No. 3:97-CR-0024-RGJ, 2025 WL 440115, at *5-6 (W.D. Ky. Feb. 7, 2025) (same and noting that the Sentencing Commission has indicated that only a small minority of defendants receive prison sentences exceeding 10

---

[9] The Court denied Mr. Thomas's § 2255 motion in May 2021. *See Thomas v. United States*, No. CV-18-02803-PHX-DGC (ESW), 2021 WL 2105611 (D. Ariz. May 25, 2021), *certificate of appealability denied*, No. 21-15987, 2022 WL 2103982 (9th Cir. Jan. 26, 2022).

15


years) (citation omitted); *see also United States v. McCreary*, 528 F. Supp. 3d 1083, 1088 (D. Ariz. 2021) ("Courts legitimately may consider, under the 'extraordinary and compelling reasons' inquiry, that defendants are serving sentences that Congress itself views as dramatically longer than necessary or fair.' The Court agrees with the sentencing judge that the length of Mr. McCreary's total sentence – 38.5 years – was 'harsh' at the time of sentencing and even harsher compared to what he would receive if sentenced today. In cases in which a defendant does not have a § 924(c) conviction in a prior case, the current version of § 924(c) mandates a minimum consecutive sentence of five years, increased to seven years if the weapon is brandished[.]") (citation omitted).

### b.  10 Years of Incarceration.

Mr. Thomas has been incarcerated since March 2012. *See* Docs. 7, 9, 160. He "has served at least 10 years of the term of imprisonment." U.S.S.G. § 1B1.13(b)(6).

### c.  Gross Disparity.

The government concedes that based on the FSA's changes to § 924(c) sentences, Mr. Thomas would receive a minimum sentence of 24 years if convicted of the same crimes today. Doc. 757 at 7. The Court finds the 18-year difference between a 24-year sentence and a 42-year sentence to be a "gross disparity" for purposes of § 1B1.13(b)(6). Again, other courts agree. *See United States v. Webb*, No. 1:14-CR-23-1, 2025 WL 375075, at *2 (M.D.N.C. Feb. 3, 2025) ("[Defendant's] current 32-year sentence [for robbery and § 924(c) convictions] is more than double the mandatory minimum sentence he would face if sentenced today. Therefore, the record demonstrates both an unusually long sentence and a gross disparity between the sentence imposed and the sentence likely to be imposed under the current law."); *Lewis*, 2024 WL 4643948, at *3 ("When Lewis was sentenced, under 18 U.S.C. § 924(c) there was a twenty-five-year mandatory minimum sentence for a second offense of carrying a firearm during a crime of violence. But that statute has been amended, and . . . [o]nly a second five-year minimum mandatory – a total of ten years – would apply to Lewis if he were sentenced today, which he argues produces a 'gross disparity' here. The Court agrees. A twenty-year sentencing difference reflects a 'gross

disparity.'"); *Aguon*, 2025 WL 440115, at \*6 ("Today Aguon would be subject to a sentence for the bank robberies, which the Court originally sentenced in 1998 at 78 months or 6.5 years, at the lower end of the guideline range, and Aguon would be subject to a mandatory 10-year sentence for the 924(c) convictions. Thus, today Aguon would be subject to a 16.5-year sentence, not a 36.5-year sentence. A 20-year difference in sentence amounts to a gross disparity under § 1B1.13(b)(6).").[10]

### d.    Individualized Circumstances.

Section 1B1.13(b)(6) requires the Court to consider Mr. Thomas's individualized circumstances when deciding whether a sentence reduction is appropriate. *See Crenshaw*, 2025 WL 618869, at \*7. Mr. Thomas was 21 years old when he committed the bank robberies. *See* Doc. 740 at 5. His relative youth at the time he committed his offenses "is certainly something the Court considers when evaluating [his] individualized circumstances." *Crenshaw*, 2025 WL 618869, at \*8; *see Webb*, 2025 WL 375075, at \*3 ("Relative youth together with a substantial sentence is also a relevant consideration in weighing a request for a reduction of sentence.").

While rehabilitation alone is not an extraordinary and compelling reason for reducing a sentence, *see* § 1B1.13(d), rehabilitation "may be considered in combination with other circumstances in determining whether and to what extent a reduction in [Mr. Thomas's] term of imprisonment is warranted." *Crenshaw*, 2025 WL 618869, at \*3; *see Webb*, 2025 WL 375075, at \*3 ("A court may consider post-sentencing facts in the record such as behavior while incarcerated and rehabilitation efforts."). Mr. Thomas has shown good behavior and serious efforts at rehabilitation while incarcerated, which the Court previously commended. Doc. 749 at 10; *see Crenshaw*, 2025 WL 618869, at \*11 ("[T]he Court finds that Defendant's rehabilitation and lack of disciplinary infractions over the past

---

[10] Other courts have also found lower differences to be grossly disparate. *See Adley*, 2024 WL 1961484, at \*5 (65 months); *United States v. Miller*, No. 2:08-CR-01155-DCN-8, 2023 WL 7065545, at \*4 (D.S.C. Oct. 26, 2023) (30 months); *United States v. Williams*, No. 14-CR-428, 2021 WL 5827327, at \*6 (E.D. Va. Dec. 8, 2021) (43 months); *United States v. Shaw*, No. 5:13-CR-00025, 2021 WL 3007266, at \*5 (W.D. Va. July 15, 2021) (22 months).

17

9 years . . . are a better gauge of Defendant's current characteristics than his conduct over a 6-month period . . . years ago. The rehabilitation evidence Defendant provides further illustrates an important premise on which federal courts have increasingly relied: 'young offenders' worst actions do not necessarily demonstrate incorrigibility or predict their continuing misconduct.") (citation omitted). Mr. Thomas has written a letter expressing remorse for his crimes and their serious impact on his victims. Doc. 756-3. Letters of support from family and friends confirm significant rehabilitation. Doc. 756-4.

Overall, Mr. Thomas's individualized circumstances support a finding of extraordinary and compelling reasons to reduce his sentence.

### 4. § 1B1.13(b)(6) Conclusion.

The Court finds that § 1B1.13(b)(6) is valid and all of its requirements have been met. Mr. Thomas has satisfied his burden of showing that his unusually long sentence is an extraordinary and compelling reason warranting a sentence reduction.

### B. § 3553(a) Factors and Sentence Reduction Amount.

Section 3582(c)(1)(A)(ii) "provides that, before reducing a defendant's sentence for 'extraordinary and compelling reasons,' the court must consider the factors set forth in 18 U.S.C. § 3553(a)[.]'" *United States v. Mobley*, No. CR CCB-17-144, 2020 WL 6891398, at *3 (D. Md. Nov. 24, 2020). These factors include "the nature and circumstances of the offense and the history and characteristics of the defendant; the purposes of sentencing; the kinds of sentences available; the sentences and ranges established by the Sentencing Guidelines; relevant policy statements issued by the Sentencing Commission; the need to avoid unwarranted sentencing disparities among similarly situated defendants; and the need to provide restitution to victims." *United States v. Trujillo*, 713 F.3d 1003, 1008 (9th Cir. 2013).

The government contends that the § 3553(a) factors weigh against a sentence reduction. Doc. 757 at 7-9. The Court does not agree.[11]

---

[11] The government also contends that Mr. Thomas remains a danger to the public, but presents no supporting evidence and acknowledges Mr. Thomas's good behavior while imprisoned over the past 13 years. *Id.* at 7. The Court does not find that Mr. Thomas

In denying Mr. Thomas's initial motion, the Court found that the § 3553(a) factors did not support a time-served sentence of 10 years. Doc. 749 at 9-12. The Court still holds that view. But the Court expressed no opinion on whether a reduction to 24 years would be appropriate. *Id.* at 9 n.8. The Court now concludes that the § 3553(a) factors favor a 24-year sentence.

The Court considered the § 3553(a) factors when it sentenced Mr. Thomas in 2014, finding that he committed serious crimes that warranted a significant sentence, had a limited criminal history, had done some good things in his life, and had his family's support. Doc. 620 at 21. The Court made clear that while it found a 17.5-year sentence for the conspiracy and bank robbery charges appropriate, 25 years for Count 8 were "too much" and the Court "wouldn't impose that sentence if [it] had the discretion." *Id.* at 22-23.

The Court now has discretion. *See* 18 U.S.C. § 3582(c)(1)(A); U.S.S.G § 1B1.13(b)(6); *see also Chen*, 48 F.4th at 1097 (explaining that district courts may consider the FSA's changes to stacked sentencing when analyzing the § 3553(a) factors). While his crimes remain very serious, Mr. Thomas has expressed remorse for his misconduct, exhibited good behavior while incarcerated, and made serious efforts at rehabilitation. A 24-year sentence is sufficient but not greater than necessary to reflect the seriousness of Mr. Thomas's crimes, promote respect for the law, provide a just punishment, deter Mr. Thomas and others from committing similar crimes, and protect the public from further crimes of Mr. Thomas. 18 U.S.C. § 3553(a)(2)(A)-(C); *see McCreary*, 528 F. Supp. 3d at 1089-90 (similar findings).

The Court denies Mr. Thomas's alternative request for a 14-18 year sentence. Doc. 756 at 13-15; *see also* Doc. 757 at 8-9. He chose to reject the government's plea offer of that length. He exercised his right to trial and perjured himself while testifying, resulting in a two-level enhancement for obstruction of justice and no reduction for acceptance of responsibility. Doc. 620 at 5-7. His codefendants who accepted responsibility and

---

remains a danger to the community. *See* U.S.S.G. 1B1.13(a)(2).

cooperated with the government have now been released from prison (*see* Doc. 759 at 9 n.9), but that does not mean Mr. Thomas is being treated unfairly. His sentence is the result of his knowing decision and his behavior at trial. "The so-called 'trial penalty' [he] urges is not an extraordinary and compelling reason for a sentence reduction in this case." *United States v. Olea-Monarez*, No. 14-CR-20096-JAR-01, 2024 WL 4881795, at *5 (D. Kan. Nov. 25, 2024).

**IT IS ORDERED:**

1. Defendant Joel Thomas's renewed motion to reduce his sentence pursuant to 18 U.S.C. § 1382(c)(1)(A) (Doc. 756) is **granted in part** and **denied in part**.

2. Mr. Thomas's 42-year prison sentence is **reduced to 24 years**. All other aspects of the criminal judgment (Doc. 706), including those related to Mr. Thomas's supervised release, remain in effect.

3. The Clerk of Court shall provide a copy of this order to the Federal Bureau of Prisons, the United States Marshals Service, and the United States Probation Office.

Dated this 26th day of March, 2025.

David G. Campbell
Senior United States District Judge