**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>Plaintiff,<br><br>v.<br><br>Joel Leon Thomas, Jr.,<br><br>Defendant. | No. CR-12-00523-002-PHX-DGC<br><br>**ORDER** |

Defendant Joel Thomas moves to reduce his sentence to time served pursuant to 18 U.S.C. § 3582(c)(1)(A).  Doc. 772.  The motion is fully briefed (Docs. 775, 776) and oral argument will not aid the Court's decision.  The Court will deny the motion.

**I.     Background.**

In early 2012, Mr. Thomas and his friend Billy Brymer committed three bank robberies, two of them armed.  Thomas and Brymer began planning the robberies in 2011.  Mr. Thomas provided inside information on banks where he worked or had worked, including their security practices, floor plans, available cash, and customer activity.  Brymer recruited two homeless men, McQueen and Brown, as well as two men from California, Bagley and Edwards, to assist in the robberies.

The first robbery occurred on January 21, 2012, at a Wells Fargo bank in Sun City, Arizona.  Bagley and Edwards participated in the robbery, according to Thomas's plan.  After entering the bank, Edwards pointed a gun at a bank employee and demanded access

1

to the vault.  No manager was available to open the vault, so Edwards demanded money from the tellers and came away with about $7,200.  Edwards fled to the parking lot where he was joined by Brymer and Bagley.  Thomas was positioned nearby as a lookout during the robbery.

The second robbery occurred on February 25, 2012, at a Wells Fargo bank in Surprise, Arizona.  With Thomas's help, Brymer wrote a demand note that McQueen gave to the teller, who handed over nearly $1,700.  After the robbery, McQueen and Brown, who had stayed outside as a lookout, met with Thomas and Brymer and divided the money.

The third robbery occurred on February 29, 2012, at a Chase bank in Peoria, Arizona, where Thomas was then working.  Thomas chose that day because he knew the vault would contain a large amount of cash.  As Thomas and the manager were opening the bank, Brymer forced his way inside, pointed a gun at the manager, and demanded money.  Thomas did nothing to help his manager, ensuring Brymer would gain entry to the bank and the vault.  Brymer left with more than $245,000, which he and Thomas planned to split evenly.  *See* Docs. 736 at 3-4; 740 ¶¶ 17-19; *United States v. Thomas*, 843 F.3d 1199, 1200-01 (9th Cir. 2016).

The government charged Thomas with three counts of conspiracy to commit bank robbery, two counts of armed bank robbery, and one count of bank robbery in violation of 18 U.S.C. §§ 371 and 2113(a).  Doc. 458 (Counts 1-2 and 4-7).  Thomas also was charged with brandishing a firearm during a crime of violence under 18 U.S.C. § 924(c) (Counts 3 and 8).  *Id.*

Thomas rejected the government's plea offer of 14-18 years and exercised his right to a jury trial.  *See* Doc. 259.  A nine-day trial was held in March 2014.  *See* Docs. 469-84. Thomas took the stand and perjured himself by making statements directly contrary to his previous statements to the government, the testimony of cooperating witnesses (including Brymer), and the evidence against him.  *See* Doc. 740 ¶ 42.  The jury convicted Thomas on all counts.  Doc. 488.

In September 2014, the Court sentenced Thomas to a 49.5-year prison term. Docs. 537, 541. For the conspiracy and robbery convictions, Thomas received a total sentence of 17.5 years (210 months), the low end of the applicable Guidelines range. Doc. 541 at 1. The § 924(c) convictions for brandishing a firearm during a crime of violence required a mandatory minimum term of 32 years – 7 years for Count 3 and 25 years for Count 8 – that would run consecutively and in addition to the sentences on the other six counts. *Id.*; *see* Doc. 740 ¶¶ 112, 114-15; 18 U.S.C. § 924(c)(1)(A)-(D).

The Ninth Circuit affirmed Thomas's conviction and 49.5-year sentence. Doc. 691; *Thomas*, 843 F.3d at 1206. Later, the Supreme Court held in *United States v. Dean*, 137 S. Ct. 1170 (2017), that district courts may consider the impact of a sentence imposed under § 924(c) when calculating a just sentence for the predicate count. As a result, the Ninth Circuit vacated Thomas's sentence and remanded for reconsideration. Doc. 697; *United States v. Thomas*, 856 F.3d 624 (9th Cir. 2017). On remand, the Court imposed a sentence of 42 years – the lowest possible sentence in light of mandatory minimums. Docs. 706, 713. The Ninth Circuit summarily affirmed the 42-year sentence. Doc. 722.[1]

On August 2, 2022, the Court denied Thomas's motion for a time-served sentence under 18 U.S.C. § 3582(c)(1). Doc. 749. On March 26, 2025, in response to Thomas's second motion for a sentence reduction, the Court reduced his sentence to 24 years to reflect changes in sentencing law made by the First Step Act of 2018. Doc. 759.

Mr. Thomas now seeks a time-served sentence under 18 U.S.C. § 3582(c)(1)(A) and U.S.S.G. § 1B1.13(b)(3)(C) (the "Caregiver Provision") in light of a recent decline in his mother's health and his need to serve as her caregiver, or in the alternative, under U.S.S.G. § 1B1.13(b)(5) (the "Other Reasons Provision") because of the combination of his mother's poor health and his stepsons' needs for paternal support. Doc. 772. The government agrees that he has satisfied exhaustion requirements. Doc. 775 at 3.

---

[1] In May 2021, the Court denied Thomas's civil motion to vacate his sentence under the federal habeas statute, 28 U.S.C. § 2255. *See Thomas v. United States*, No. CV-18-02803-PHX-DGC (ESW), 2021 WL 2105611 (D. Ariz. May 25, 2021), *certificate of appealability denied*, No. 21-15987, 2022 WL 2103982 (9th Cir. Jan. 26, 2022).

**II.      Section 3553(a) Factors Weigh Against Thomas's Release.**

Even if the unfortunate circumstances of Mr. Thomas's mother and stepsons provide extraordinary and compelling reasons for relief under the statute, the Court concludes that his motion should be denied.  Section 3582(c)(1)(A)(ii) provides that, before reducing a defendant's sentence for 'extraordinary and compelling reasons,' the court must consider the factors set forth in 18 U.S.C. § 3553(a).  These factors include the nature and circumstances of the offense and the history and characteristics of the defendant, the purposes of sentencing, the kinds of sentences available, the sentences and ranges established by the Sentencing Guidelines, relevant policy statements issued by the Sentencing Commission, the need to avoid unwarranted sentencing disparities among similarly situated defendants, and the need to provide restitution to victims.  18 U.S.C. § 3553(a).

Mr. Thomas contends that his 14 years in prison have helped him accept full responsibility for his crimes.  Doc. 772 at 14.  He also argues that he has engaged in significant rehabilitative efforts.  *Id.* at 14-15.

In reducing Mr. Thomas's sentence to 24 years, the Court found that he had "expressed remorse for his misconduct, exhibited good behavior while incarcerated, and made serious efforts at rehabilitation."  Doc. 759 at 19.  The Court found that a 24-year sentence was sufficient but not greater than necessary to satisfy the § 3553(a) factors – to reflect the seriousness of Mr. Thomas's crimes, promote respect for the law, provide a just punishment, and deter Mr. Thomas and others from committing similar crimes.  *Id*.

The Court cannot reach the same conclusion with respect to Mr. Thomas's current request for a time-served sentence.  Mr. Thomas organized the robbery of several banks with firearms.  The evidence at trial clearly showed that he played a leading role in each robbery.  As the Ninth Circuit explained, he "plotted, organized and facilitated three robberies involving weapons and threats of harm to many employees and bank customers." *United States v. Thomas*, 843 F.3d 1199, 1206 (9th Cir. 2016); *see also* Doc. 740 ¶ 25 (noting that Thomas organized and was directly involved in all three robberies).

Mr. Thomas knowingly placed the victims and others at risk of death or serious bodily injury.  He involved others in his crimes, including disadvantaged individuals, and provided firearms for their use in the crimes.  His robberies netted more than $250,000 in proceeds, in part because he blatantly violated his trust at one of the banks and arranged for his manager to face the point of a gun.  While Mr. Thomas's good behavior and rehabilitative efforts in prison are commendable, the Court concludes that releasing him at this time would not reflect the seriousness of his offenses, promote respect for the law, provide a just punishment for his crimes, or afford adequate deterrence to criminal conduct.  These § 3553(a) factors do not weigh in favor of his immediate release.  *See United States v. Martin*, No. 1:11-CR-48-2, 2022 WL 706648, at *6 (M.D.N.C. Mar. 9, 2022) ("Martin committed [firearm offenses arising from multiple armed robberies] for which he is serving a long but earned sentence.  Because the § 3553(a) factors do not support immediate release, his motion for a sentence reduction to time served will be denied[.]"); *United States v. Straite*, No. 1:11CR321-1, 2022 WL 446048, at *3 (M.D.N.C. Feb. 14, 2022) ("Straite also asks that his 32-year sentence for the stacked § 924(c) convictions be reduced to 14 years and that, combined with his consecutive one-year sentence for the robberies, he receive a sentence of time served.  But . . . a sentence of time served . . . is not sufficient to reflect the seriousness of the offenses, promote respect for the law, or provide just punishment for the offenses.").

**IT IS ORDERED** that Defendant Joel Thomas's renewed motion for sentence reduction under 18 U.S.C. § 1382(c)(1)(A) (Doc. 772) is **denied**.

Dated this 8th day of June, 2026.

*David G. Campbell*

_____

David G. Campbell
Senior United States District Judge